UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN SHAWLER and
COURTNEY SHRIVER,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

_______________________________/

Case No. 4:25-cv-11535
Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 12)**

In this case, Plaintiffs Benjamin Shawler and Courtney Shriver are suing Defendant United States of America ("the Government") for a return of monies they allege were erroneously and illegally collected by the Internal Revenue Service ("IRS"). Because Plaintiffs have not satisfied the conditions of the waiver of sovereign immunity for tax refund suits, this Court will grant the Government's motion to dismiss.

## I. BACKGROUND

As set forth in their Amended Complaint, Plaintiffs' 2015 and 2016 income tax returns were audited by the IRS around 2017 or 2018. ECF No. 6 at PageID.43. Following the audit, on or about October 22, 2018, the IRS assessed additional tax in the amounts of $6,493 and $6,112 for years 2015 and 2016, respectively. *Id.*; *see*

*also* ECF No. 6-1. These amounts were "based on what the IRS claimed was unsupported mileage and other work-related expenses." ECF No. 6 at PageID.43. "Plaintiffs requested audit reconsideration and provided additional supporting documentation." *Id.* at PageID.44. According to Plaintiffs, the IRS agreed to remove the entire 2015 assessment and to reduce the 2016 assessment to $2,825. *Id.*; *see also* ECF No. 6-2.

Plaintiffs allege that the IRS failed to properly update their account and remove the assessment/tax owed. ECF No. 6, PageID.44. The IRS adjusted the 2016 assessment on February 13, 2023, but it never adjusted the 2015 assessment. *Id.* Plaintiffs state that they attempted to resolve this issue with the IRS and with the assistance of a Taxpayer Advocate over the past few years, but those efforts were unsuccessful. *Id.* Plaintiffs allege that the IRS has continued to wrongfully apply interest and penalties to tax year 2015, and has improperly applied refunds owed to Plaintiffs from other years towards the balance. *Id.* at PageID.44–45. Plaintiffs believe they are owed a refund in the amount of $10,801.93. *Id.* at PageID.45.

The Government now moves to dismiss for lack of subject matter jurisdiction under Civil Rule 12(b)(1). ECF No. 12. The motion is fully briefed, *see* ECF Nos. 13; 15, and this Court has determined that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *Stewart v. Manchester Cmty. Schs.*, 629 F. Supp. 3d 715, 720 (E.D. Mich. 2022) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "Essentially, the four-corners rule applies to facial attacks." *Thomson v. Peterson*, 828 F. Supp. 3d 856, 865 (E.D. Mich. 2025) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)). But when addressing a factual attack, "the district court has broad discretion over what evidence to consider and may look outside the pleadings to determine whether subject-matter jurisdiction exists." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015). The burden of proving that the Court has jurisdiction rests upon the plaintiff. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. ANALYSIS

The Government brings a facial challenge to the Court's subject matter jurisdiction, arguing that this Court only has jurisdiction to consider a tax-refund suit after a taxpayer "duly file[s]" an administrative claim for refund with the IRS. *See*

ECF No. 12 at PageID.89–93. Plaintiffs oppose dismissal, arguing that they submitted a valid but informal claim for refund, which vests this Court with jurisdiction. ECF No. 13 at PageID.99–101. This Court finds that it does not have jurisdiction to consider Plaintiffs' suit.

Generally, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "In analyzing whether Congress has waived the immunity of the United States, [courts] must construe waivers strictly in favor of the sovereign, and not enlarge the waiver beyond what the language requires." *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986) (internal quotation marks and citations omitted).

District courts have original jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). But this waiver of the United States's sovereign immunity for a tax refund suit only applies if certain conditions are met. *See Worldwide Equip. of TN, Inc. v. United States*, 876 F.3d 172, 175–76 (6th Cir. 2017). Of relevance here, the taxpayer must "duly file[]" a claim for refund with the IRS before suing in federal court. 26 U.S.C. § 7422(a).

Plaintiffs do not allege that they filed a claim for refund, *see generally* ECF No. 6, and the Government notes that it is not aware of any such claim having been filed, *see* ECF No. 12, PageID.92. Plaintiffs do not dispute this, but instead, argue that their written request for the assistance of a Taxpayer Advocate on Form 911, along with more recent correspondence with the Advocate, should be considered an informal claim for refund.[1] *See* ECF No. 13, PageID.100–01.

Even if the Court were to find that Plaintiffs' request constitutes an informal claim, the caselaw makes it clear that "informal claims for refund may suffice" only if "formal defects *have been remedied*." *Est. of Hale v. United States*, 876 F.2d 1258, 1261 (6th Cir. 1989). The informal claim serves only to toll the statute of limitations, such that the later formal papers may be filed "after lapse of the statutory period for filing." *Id.*; *see also Gallo v. United States*, 950 F. Supp. 1246, 1249–50 (S.D.N.Y. 1997) ("an informal claim merely tolls the statute of limitations for the filing of a proper claim"). Indeed, a formal claim was later filed in the case on which Plaintiffs rely. *See Wilshire v. United States*, No. 1:07-CV-00377, 2008 WL 4858256, at *4–5 (S.D. Ohio Nov. 10, 2008); *see also Skidmore v. Internal Revenue Serv.*, No. 13-12826, 2015 WL 1402795, at *8 (E.D. Mich. Jan. 26, 2015) (noting that

[1] Plaintiffs mention "efforts" "to resolve this issue with the IRS and with the assistance of a Taxpayer Advocate" in their Amended Complaint but do not reference or attach the form or any written correspondence. *See* ECF No. 6, PageID.44. Plaintiffs alternatively request leave to amend in part to attach the documents, but, as indicated herein, amendment would be futile.

"while an informal claim may permit a refund claim to go forward, that is only permitted where such an informal claim is followed up by a formal claim"), *report and recommendation adopted*, 2015 WL 730088 (E.D. Mich, Feb. 19, 2015). Because Plaintiffs' request was not followed by a formal claim, the waiver of sovereign immunity for tax refund suits does not apply to this case. Thus, this Court will grant the Government's motion to dismiss for lack of subject matter jurisdiction.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion to dismiss, ECF No. 12, is **GRANTED**, hereby **CLOSING THE CASE**.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 25, 2026